UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
BARRY MENKES,

                    Plaintiff,

           v.

TARGET CORPORATION,

                    Defendant.
-------------------------------------------------------------------

**MEMORANDUM & ORDER**
22-CV-308 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Barry Menkes commenced the above captioned action against Defendant Target Corporation on December 1, 2021 in the Supreme Court of the State of New York, County of Queens. (Verified Compl., annexed to Notice of Removal as Ex. A, Docket Entry No. 1-2.) On January 19, 2022, Defendant removed this action to the Eastern District of New York based on diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Docket Entry No. 1.) Plaintiff asserts a claim of negligence against Defendant, alleging that he was injured because Defendant and its employees were careless, reckless, and negligent, leading him to fall while visiting Defendant's store. (*See generally* Verified Compl.)

      Defendant now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Plaintiff opposes the motion.[1] For the reasons set forth below, the Court grants Defendant's summary judgment motion.

---

[1] (Def.'s Mot. for Summ. J., Docket Entry No. 21; Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem."), Docket Entry No. 21-1; Def.'s Reply in Supp. of Def.'s Mot. ("Def.'s Reply"), Docket Entry No. 23; Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Mem."), Docket Entry No. 22.)

I. **Background**

The following facts are undisputed unless otherwise noted.[2]

a. **Plaintiff's accident**

Defendant operated a "Target store located [at] 519 Gateway Drive, Brooklyn, New York." (Def.'s 56.1 ¶ 1.) On August 22, 2020, Plaintiff visited the store with his wife. (*Id.* ¶ 4.) While visiting the store, Plaintiff fell after making contact with a stanchion, (*id.* ¶ 34), "an upright pole or wall-mounted housing unit that typically contains a retractable belt or a rope hook . . . to create specific areas for queueing or to keep people away from a restricted area," (Pl.'s Mem. 9). "Target uses stanchions to assist with crowd control and the formation of lines." (Def.'s 56.1 ¶ 23.) "The Target Gateway store ha[d] not received any complaints about stanchions prior to this incident." (*Id.* ¶ 24.)

Defendant's store surveillance cameras "captured video of the display racks in the electronics department . . . approximately [twenty-eight] minutes prior to [P]laintiff's accident, and an hour following the accident." (*Id.* ¶ 7.) "In the [twenty-eight] minutes prior to the accident," approximately thirty-five "guests walk past several different stanchions in the electronics department without incident." (*Id.* ¶ 10.) The camera angle does not capture Plaintiff making contact with the stanchion, but it captures Plaintiff's "fall to the floor." (*Id.* ¶ 9.) Plaintiff "walked with his wife to the back of the store where the electronics department was located." (*Id.* ¶ 5.) "The electronics department consists of a main counter and aisles which are

---

[2] (Def.'s Stmt. of Material Facts Pursuant to Local Rule 56.1 ("Def.'s 56.1"), Docket Entry No. 21-2.) Plaintiff did not submit a counterstatement of material facts pursuant to Local Rule 56.1. Accordingly, the Court deems uncontested and admissible Defendant's statements which are supported by citations to the record. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").

located to the left and right of the counter selling electronics." (*Id.* ¶ 3.) Plaintiff and his wife are first seen on the surveillance video at 2:23 PM entering the electronics department and looking at items while walking through store aisles. (*Id.* ¶ 11.) At 2:26 PM and 2:27 PM, Plaintiff and his wife "pass[ed] the stanchion without incident." (*Id.* ¶ 12.) Two stanchions are visible in the video frame when Plaintiff is at the electronic department's cash register. (*Id.* ¶¶ 16, 15.) The two visible stanchions were "not in use," and "many guests pass[ed] the stanchions without incident." (*Id.* ¶ 16.)

At 2:28 PM, Plaintiff and his wife left the electronics department counter and turned to leave the store. (*Id.* ¶¶ 18–19.) "Plaintiff turned around and walked twenty to thirty feet." (*Id.* ¶ 20.) "As [P]laintiff walked, there was a stanchion in front of his path." (*Id.* ¶ 22.) According to Plaintiff, the stanchion was in the "[m]idle of the floor]," (Pl.'s Dep. 43:11, annexed to Def.'s Mot. as Ex. C, Docket Entry No. 21-5), and approximately three and a half feet high, (*id.* at 41:6-7). Plaintiff's view of the stanchion was unobstructed "from the time he left the counter," and "[t]here were no people ahead of [him] . . . walking in the same direction." (Def.'s 56.1 ¶¶ 26–27.) Plaintiff testified that the store "was very well lit." (Pl.'s Dep. 48:12.) "Plaintiff first observed the stanchion when he was eight feet away from it," (Def.'s 56.1 ¶ 28), and he "did not change his stride when he observed the stanchion or move towards his left or right" to avoid the stanchion, (*id.* ¶ 30). Nothing prevented "[P]laintiff from moving further to the right of the stanchion." (*Id.* ¶ 31.) When asked to explain "how the accident happened," Plaintiff testified that he "did not see the base of the [stanchion] or realize its width" and "hit into it with [his] right foot" as he "went to walk around it." (Pl.'s Dep. 46:21–47:2.) Plaintiff fell to the ground after his right foot made contact with the base of the stanchion. (Def.'s 56.1 ¶¶ 33–34.) Plaintiff's wife, who "also observed the stanchion," (*id.* ¶ 29), "pass[ed] the stanchion without incident"

before Plaintiff fell, (*id.* ¶¶ 32–33). "[A] Target Security Specialist[] responded to the accident and did not observe any barricades, furniture, or merchandise around . . . [P]laintiff." (*Id.* ¶ 35.) Plaintiff fell on his right side, (Pl.'s Dep. 47:9–10), and remained on the ground for approximately five to seven minutes," (*id.* at 49:23–50:2). Another store customer called an ambulance, (*id.* at 50:25–51:4), which arrived at the store approximately fifteen to twenty minutes after Plaintiff fell, (*id.* at 51:19–52:2), and transported Plaintiff to Jamaica Hospital, (*id.* at 54:11), where he was x-rayed, (*id.* at 55:11–13), and diagnosed with a broken hip, (55:19–21).

## II. Discussion

### a. Summary judgment

Summary judgment is proper only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Radwan v. Manuel*, 55 F.4th 101, 113 (2d Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (same). The court must "constru[e] the evidence in the light most favorable to the nonmoving party," *Radwan*, 55 F.4th at 113 (alteration in original) (quoting *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011)), and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Koral v. Saunders*, 36 F.4th 400, 408 (2d Cir. 2022) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)); *see also Lenzi v. Systemax, Inc.*, 944 F.3d 97, 107 (2d Cir. 2019) (same). The role of the court "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." *Kee v. City of New York*, 12 F.4th 150, 167 (2d Cir. 2021) (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010)); *see also Rogoz v. City of Hartford*, 796 F.3d 236, 245 (2d Cir. 2015) (same). A genuine issue of fact exists when there is sufficient "evidence on which the jury

4

could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment. *Id.* The court's function is to decide whether, "after resolving all ambiguities and drawing all inferences in favor of the nonmovant, a reasonable jury could return a verdict for the nonmovant." *Miller v. N.Y. State Police*, No. 20-CV-3976, 2022 WL 1133010, at *1 (2d Cir. Apr. 18, 2022) (first citing *Anderson*, 477 U.S. at 248; then citing *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127, 129 (2d Cir. 2013)); *see also Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000) (same).

### b. Plaintiff's negligence claim

Defendant argues that it is entitled to summary judgment because "[P]laintiff has not, and cannot, produce any evidence demonstrating that the stanchion was a dangerous condition and not readily observable through the reasonable use of one's senses and that Target created the allegedly dangerous condition or had notice of the condition." (Def.'s Mem. 4–5.) In support, Defendant contends that "the stanchion was open and obvious" and "not defective or dangerous," and also claims that it "did not have any notice that the stanchion was a dangerous condition." (*Id.* at 5.) Defendant notes that Plaintiff "acknowledged seeing the black stanchion prior to passing it" and "simply failed" to move around the stanchion. (*Id.* at 7.) Defendant argues that it "cannot be held liable for [P]laintiff's failure to observe the base of the stanchion" because it "was clearly visible." (*Id.* at 9–10.) Defendant further argues that "Plaintiff's inattention to his surroundings is the sole proximate cause of his accident." (Def.'s Reply 1.)

Plaintiff argues that the Court should deny Defendant's motion for summary judgment for several reasons. First, Plaintiff argues that there is "an issue of fact as to whether [D]efendant . . . caused, allowed, created or [was] aware of the condition of the ill placed

5

stanchion . . . before [P]laintiff's accident occurred." (Pl.'s Mem. 2.) Second, Plaintiff argues that there is a "material triable issue[] of fact as to whether there was an alternative path" around the stanchion which was reasonable or safe. (*Id.* at 8.) Third, Plaintiff argues that whether a condition is open and obvious is typically a determination reserved for juries and does not relieve landowners of their duty of care to shield visitors from readily foreseeable hazards resulting from dangerous conditions. (*Id.* at 6–7.) Fourth, Plaintiff argues that "[D]efendant created the dangerous condition" of the stanchion, (*id.* at 8–9), and that the stanchion was "inherently dangerous" because Defendant "failed to establish that a singular stanchion, that is not extended or being used within its intended use, is commonly used in stores," (*id.* at 6).

"Under New York law, a tort plaintiff seeking to prove a defendant's negligence must show: (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023) (quoting *Borley*, 22 F.4th at 78); *see also Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020) ("To establish liability under New York law, a plaintiff must prove (1) that the defendant owed her a duty; (2) that the defendant breached that duty; and (3) that she suffered injuries proximately resulting from that breach." (citing *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985))); *Johnson v. AFNI, Inc.*, No. 22-CV-2930, 2023 WL 2970919, at *2 (S.D.N.Y. Apr. 15, 2023) ("To state a claim for negligence under New York law, a plaintiff 'must establish the existence of a legal duty, a breach of that duty, proximate causation, and damages.'" (quoting *MVB Collision, Inc. v. Allstate Ins. Co.*, 13 N.Y.S.3d 137, 138 (App. Div. 2015))).

To prove a breach of duty in a premises liability case, "the plaintiff must demonstrate 'that the defendant either created the defective condition, or had actual or constructive notice

6

thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it.'" *Looney v. Macy's Inc.*, 588 F. Supp. 3d 328, 341 (E.D.N.Y. 2021) (quoting *Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008)); *see also Borley*, 22 F.4th at 79 ("In slip-and fall cases, . . . to show a 'breach of duty,' a plaintiff must show that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness."); *Bynoe v. Target Corp.*, 548 F. App'x 709, 710 (2d Cir. 2013) ("Under New York law, a landowner, who did not create the dangerous condition, is liable for negligence when a condition on his land causes injury only when the landowner had actual or constructive notice of the condition." (quoting *Taylor v. United States*, 121 F.3d 86, 89–90 (2d Cir. 1997))); *Gordon v. Am. Museum of Nat. Hist.*, 67 N.Y.2d 836, 837 (1986) (addressing actual or constructive notice of the dangerous condition in the context of a slip-and-fall accident). "While a landowner who holds property open to the public has a general duty to maintain the property in a reasonably safe condition to prevent foreseeable injuries, this duty extends only to conditions that are not readily observable." *Saltz v. Wal-Mart Stores, Inc.*, 510 F. App'x 68, 70 (2d Cir. 2013) (quoting *Rodgers v. Archer Bldg. Ctrs. Inc.*, 631 N.Y.S.2d 102, 103 (App. Div. 1995)). "[A] landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous." *Varon v. N.Y.C. Dept. of Educ.*, 998 N.Y.S.2d 433, 434 (App. Div. 2014) (citing *Conneally v. Diocese of Rockville Ctr.*, 984 N.Y.S.2d 127 (App. Div. 2014)). "While the issue of whether a hazard is latent or open and obvious is generally fact-specific and thus usually a jury question, a court may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence." *Saltz*, 510 F. App'x at 69–70 (quoting *Tagle v. Jakob*, 97 N.Y.2d 165, 169 (2001)). "[T]he open and obvious nature of a

7

dangerous condition — though it may make a warning unnecessary — does not absolve the landowner of its general duty of care." *Payne v. United States*, 359 F.3d 132, 138 (2d Cir. 2004).

The Court grants Defendant's motion for summary judgment because the stanchion was readily observable and not inherently dangerous. According to Plaintiff's testimony, prior to falling, Plaintiff observed the stanchion while he was approximately eight feet away. (Pl.'s Dep. 45:12–14.) In addition, approximately two minutes before he fell, Plaintiff and his wife walked by the stanchion without making any contact, (Def.'s 56.1 ¶ 12), and Plaintiff's view of the stanchion before he fell was unobstructed, (Pl.'s Dep. 44:7–11). Plaintiff does not assert that he was unable to view the stanchion prior to falling over it. *See Matteo v. Kohl's Dept. Stores, Inc.*, 533 F. App'x 1, 3 (2d Cir. 2013) (affirming grant of summary judgment in Defendant's favor where Plaintiff did not assert that the display rack he tripped over was obscured from view). Indeed, Plaintiff testified that the store "was very well lit," (Pl.'s Dep. 48:12), he saw the stanchion before walking into it, (*id.* at 47:22–25), and there was nothing obstructing his view of the stanchion, (*id.* at 44:7–11). Plaintiff also stated that he "had time to move around the [stanchion]." (*Id.* at 45:22–23.) Plaintiff's unobstructed view of the stanchion and ability to easily move around it prior to his fall renders the stanchion an open and obvious condition, which is therefore not inherently dangerous. *See Pace v. Target Corp.*, No. 19-CV-702, 2022 WL 4536799, at *3 (S.D.N.Y. Sept. 28, 2022) (finding that a metal support bar at the base of a mannequin which plaintiff tripped over was open and obvious and not inherently dangerous); *Bennett v. Target Corp.*, No. 16-CV-5816, 2019 WL 7556361, at *10 (E.D.N.Y. Jan. 2, 2019) (finding that a "base deck was open and obvious, and not inherently dangerous, because it could not be overlooked by any observer reasonably using his or her ordinary senses" (internal

8

quotation marks omitted)). Accordingly, the Court grants Defendant's motion for summary judgment.

### III. Conclusion

For the reasons stated above, the Court grants Defendant's motion for summary judgment and dismisses this action.

Dated: July 31, 2023
      Brooklyn, New York

                                      SO ORDERED:

                                      _____s/ MKB_____
                                      MARGO K. BRODIE
                                      United States District Judge